STATE OF SOUTH CAROLINA

COUNTY OF GREENVILLE

IN THE COURT OF COMMON PLEAS

William Todd Miller,

        Plaintiff,

-vs-

Steven Loftis, individually and in his representative capacity for the Office of Greenville County Sheriff, Alton Cannon, Craig Hawkins and John Doe, Sam Snow

        Defendants.

2011-CP-23-1424

C.A. No.:

## SUMMONS

TO THE DEFENDANT(s) ABOVE NAMED:

You are hereby summoned and required to Answer the Complaint in this action, a copy of which is herewith served upon you, (which was filed in the Office of the Clerk of Court on the above date) and to serve a copy of your Answer to the Complaint to the subscriber at Building A, Suite 201, 310 Mills Avenue, Greenville, South Carolina, 29605 within thirty (30) days after the service hereof, exclusive of the day of such service. If you fail to answer the Complaint within that time, the Plaintiffs will apply to the Court for the relief demanded in the Complaint and a judgment by default will be rendered against you.

WILLIAM H. EHLIES, II
ATTORNEY FOR THE PLAINTIFF
Bldg. A, Suite 201
310 Mills Avenue
Greenville, South Carolina 29605
(864) 232-3503

Greenville, South Carolina
February 25, 2011

RECEIVED
FEB 28 2011

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE ) | |
| ) | 2011 FEB 25 P 2: 29 |
| William Todd Miller, ) | |
| Plaintiff, ) | 2011-CP-23- 1424 |
| v. ) | CASE NO. |
| Steven Loftis, individually and ) | |
| in his representative Capacity for ) | |
| the Office of Greenville County ) | |
| Sheriff, Alton Cannon, Craig ) | |
| Hawkins And John Doe, Sam ) | |
| Snow ) | |
| ) | |
| DEFENDANTS. ) | |

## COMPLAINT; JURY TRIAL DEMANED

The Plaintiff, by and through his undersigned attorney and complaining of the Defendants, hereby allege the following facts:

### PREFACE

This action is brought pursuant to the South Carolina Tort Claims Act, *SC Code Ann.*, §§15-78-10 et seq., and 42 U.S.C. § 1983 for violations of Plaintiff's common law and constitutional rights to be free from unreasonable seizures under the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiff alleges a canine controlled by Deputy Alton Cannon of the Greenville Sheriff unreasonably seized his person causing massive physical and emotional trauma on March 5, 2009. Plaintiff brings federal claims pursuant to 42 U.S.C. § 1983 against the individual officers Cannon and Does for a violation of his Fourth Amendment right not to be subject to an unreasonable seizure. He also alleges claims of supervisor liability against Loftis for failing to supervise and discipline Cannon for his excessive use of canine force and has a claim of unconstitutional policies in the use of canines for improper purposes.

1

The Plaintiff also brings claims under State law against Loftis in his representative capacity pursuant to the South Carolina Torts Claims Act. Plaintiff asserts claims of Assault, Battery, Negligence and Strict Liability for injuries caused by vicious animals.

## JURISDICTION AND VENUE

1. The Plaintiff brings his state law claims pursuant to the South Carolina Tort Claims Act (SCTCA), *S.C. Code Ann.* §15-78-10 *et seq.* The incident that gives rise to this action occurred in Greenville County. The Plaintiff further invokes this court's concurrent jurisdiction to hear claims arising under the United States Constitution and federal statutes, 42 U.S.C. § 1983, 1988, the Fourth and Fourteenth Amendments to the United States Constitution.

## PARTIES

2. Plaintiff William Todd Miller is a competent adult who appears individually and is a citizen and resident of South Carolina.

3. Defendants Alton Cannon, Craig Hawkins, and now unknown deputies John Doe and Sam Snow are, upon information and belief, citizens and residents of South Carolina, at all times relevant hereto, acting under color of state law and in the course of their employment as deputies with Greenville County Sheriff's Office. They are sued in their individual capacities for compensatory and punitive damages under federal law only.

4. Defendant Steven D. Loftis is sued in his representative capacity as Sheriff of Greenville County for all state law claims. The Office of the Sheriff is the appropriate party defendant pursuant to S.C. Code Ann § 15-78-70, which makes the employing agency statutorily liable for the acts and omissions of its officers acting in the course and scope of their official duties.

The Office of the Sheriff is sued for compensatory damages only based on the acts and omissions of Cannon and other deputies now unknown for the seizure of the plaintiff.

Sheriff Loftis is also sued in his individual capacity for claims of supervisor liability under federal law for compensatory and punitive damages. He was at all relevant times acting in the course and scope of his official duties and under color of law. Sheriff Loftis is also sued in his official capacity. He is the final policy maker for the Greenville County Sheriff's Office. Plaintiff seeks recovery on theories of municipal liability for the failure to train, supervise and for having an unconstitutional policy for compensatory damages only.

## FACTUAL ALLEGATIONS

5. On October 9, 2007 the plaintiff, William Todd Miller, was questioned by Greenville Deputy Sheriff Donahue at Miller's home in regards to an allegation that Todd Miller made threats towards Miller's mother-in-law. During the questioning, Donahue placed Miller under arrest. While Miller was surrendering to Donahue, Greenville Deputy Sheriff Defendant Cannon arrived and commanded his canine partner to attack Miller. As a result Miller sustained severe and permanently disabling injuries to his head neck, and arm. (See attachment A).

6. Cannon charged Miller with abusing and fighting the canine that Cannon ordered to attack. The report Cannon filed and the charges he waged against Miller are substantially similar to all reports and charges Cannon files on the occasions where he orders his canine to attack. Such attacks by canines handled by Cannon are, upon information and belief, statistically higher than attacks ordered by other deputies in Cannon's department. As regards Cannon's charge against Miller that Miller had fought Cannon's dog and was the aggressor,

the jury found Miller not guilty. This practice was known and approved by Sheriff Loftis acting as the final policy maker for the Sheriff's Office.

7. Thereafter on March 5, 2009, Miller was confronted at Miller's home with an arrest warrant for probation violation and criminal domestic violence. Deputy Sheriff Craig Hawkins made the initial contact with Miller who appeared in response to Hawkins' knock on Miller's door. Miller was dressed only in undershorts and was clearly unarmed.

8. Hawkins told Miller he had a warrant for his arrest whereupon Miller saw Cannon and his canine partner coming towards the house at a rapid pace. Miller turned and ran for the bathroom with deputy Hawkins and others in immediate pursuit. Miller locked himself into his small bathroom and asked the officers standing outside the bathroom window to get the dog under control and out of the house and Miller would surrender. Mr. Miller was not threatening any of the officers or engaging in any form of violent resistance. He had nowhere to run and no chance of escape, and was surrounded by armed deputies.

9. Nevertheless, instead of removing the dog so Miller could voluntarily be taken into custody, or using their singular or combined physical force, or their training in countering passive resistance, or even their pepper spray, they chose to force Mr. Miller's compliance by ordering canine Nero, to viciously attack Miller by sinking his teeth into Mr. Millers arm, neck and torso.

10. Despite the offer of surrender the officers refused to withdraw the canine. Mr. Miller was unarmed and the deputies knew he was confined to a small bathroom in the interior of the house. While Cannon was prying the bathroom door open, Cannon was himself bitten by the canine, which clearly established that the canine was out of control. As a result of the canine attack Miller suffered severe and permanently disabling injuries to his head, neck, shoulder and arm.

(See Attachment B)

11. Defendant Cannon acted in violation of all police standards in ordering his canine partner to attack Miller, especially after the canine attacked Cannon while Cannon was attempting to pry open the bathroom door. Cannon did not stand the dog down nor order it to halt the attack. Defendant Cannon was not in control of his canine and was so heated himself as to commit an assault and battery of a high and aggravated nature on Miller. Cannon's conduct was plainly incompetent and he knowingly violated clearly established law prohibiting arrest with excessive force.

## THEORIES OF RECOVERY

### FOR A FIRST CAUSE OF ACTION
42 USC 1983 4th Amendment Claim of
Excessive Force Against Cannon

### 42 USC §1983 Fourth Amendment Claim Against Defendant Cannon For Using Unreasonable Force Against The Plaintiff

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

12. The acts and omissions of Defendant Cannon by sending his canine to seize and maul Plaintiff, without any legal justification, no reasonable basis to believe that he posed a threat, and he was not resisting arrest, during the course of the seizure, constitutes the use of unreasonable and excessive force in violation of Plaintiff's Fourth Amendment Rights.

13. As a direct and proximate result of the unreasonable use of force the plaintiff suffered emotional and physical harm.

## FOR A SECOND CAUSE OF ACTION
### § 1983 Fourth Amendment violation against Hawkins, Doe and Snow for failure to intervene in the Unconstitutional use of force against the Plaintiff

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

14. Officer Hawkins, Doe and Snow knew or should have known that, in the circumstances presented by this case, the use of canine force against Miller was unconstitutional, had they jointly and severally had a duty to prevent the unconstitutional use of force on Plaintiff. Their failure to intervene proximately caused the violation of Plaintiff's Fourth Amendment rights.

15. As a direct and proximate result, the Plaintiff suffered physical and emotional damage.

## FOR A THIRD CAUSE OF ACTION
### Deputies Cannon, Hawkins, Doe and Snow 1983 conspiracy to violate Plaintiff's Fourth Amendment Rights

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

16. Deputies Cannon, Hawkins, Doe and Snow had an express and\or implied agreement to allow the use of lethal and deadly force by ordering the canine attack when there was no threat of force from Mr. Miller.

17. Deputies Cannon's, Hawkins', Doe's and Snow's conspiracy to violate Plaintiff's Fourth Amendment Rights caused the violation of Plaintiff's Fourth Amendment rights and Plaintiff was damaged thereby.

### FOR A FOURTH CAUSE OF ACTION
Battery against the Greenville County
Sheriff's Office pursuant to the SCTCA

The allegations set forth above are repeated as if included herein.

18.  The Office of the Greenville County Sheriff is vicariously liable for the acts of Cannon, Hawkins, Snow and Doe acting within the course and scope of their employment. The acts and omissions of the defendants in seizing plaintiff with the use of a canine without his consent or legal justification constitutes the tort of battery. As a direct and proximate result of this illegal touching the plaintiff suffered physical and emotional harm.

### FOR A FIFTH CAUSE OF ACTION
Assault against the Greenville
County Sheriff's Office pursuant to the SCTCA

The allegations set forth above are repeated as if included herein.

19.  The Office of the Greenville County Sheriff's is vicariously liable for the acts of Cannon, Hawkins, Snow and John Doe acting within the course and scope of their employment. The acts and omissions of the officers placed Mr. Miller in imminent fear of an unlawful touching by having the canine viciously and uncontrollably growl, and express lethal force in preparing to attack Mr. Miller. As a direct and proximate result of this illegal assualt the plaintiff suffered emotional and physical harm.

### SIXTH CAUSE OF ACTION
**Negligence pursuant to the SCTCA against
the office of the Greenville Sheriff**

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

20. The Office of the Sheriff owed plaintiff a duty of due care in the handling and use of lethal and deadly force by means of a canine when apprehending Miller, and that duty was breached in that defendants' negligence and failure to exercise due care in use of the dog to apprehend Mr. Milled.

21. As a direct and proximate cause of the aforementioned acts of defendants, the plaintiff was injured as set forth above, and is entitled to compensatory damages according to proof.

### FOR A SEVENTH CAUSE OF ACTION
Strict liability pursuant to SCTCA and *S.C. Code Ann.*, 47-3-710
Against the Greenville Sheriff's Office

22. The defendants' dog constitutes a "dangerous animal" as defined in *S.C. Code Ann.*, 47-3-710, 1976, as amended. The plaintiff is entitled to the relief set forth in *S.C. Code Ann.*, § 47-3-760(C). The defendants failed to comply with the registration and bonding requirements of South Carolina law. In addition, the defendants are strictly liable to the plaintiff for injuries resulting from the use of deadly force as set forth in *SC Code Ann.*, § 47-3-110.

23. As a direct and proximate result of the violations of standards, statutory law, plaintiff Miller sustained severe and permanently disabling injuries to his head, neck, shoulder and arm. He has spent money for medical care and has partial permanent impairment as a result of the attacks.

### FOR AN EIGHTH CAUSE OF ACTION
Negligent Supervision pursuant to the SCTCA
Against the Office of the Greenville Sheriff

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

24. The Office of the Greenville Sheriff caused Plaintiff to be subjected to the above-referenced common law torts by failing to investigate and discipline prior misconduct

of Cannon. The Office of the Sheriff had actual and constructive notice of complaints and statistical data against Canon but failed to conduct adequate investigation into that misconduct. Once on notice it was forseeable that Cannon would continue to abuse his authority as a police officer and use illegal and excessive force on citizens. The Sheriff's failure to act proximately caused the use of force on Miller and he was damaged thereby. Cannon committed his unconstitutional acts while on duty as a deputy of the Greenville Sheriff's office, the Sheriff knew he had a duty and ability to supervise Cannon, and the Sheriff knew of his duty to control the unconstitutional conduct of Cannon and failed to do so.

### FOR AN NINTH CAUSE OF ACTION
Supervisor Liability on Pursuant to 1983
Loftis for Failure to Supervise and Discipline.

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

25. Sheriff Loftis caused Plaintiff to be subjected to the above-referenced unconstitutional use of force by failing to investigate and discipline prior misconduct of Cannon. The Loftis had actual and constructive notice of complaints and statistical data against Canon but failed to conduct adequate investigation that misconduct. Once on notice it was foreseeable that Cannon would continue to abuse his authority as a police officer and use illegal and excessive force on citizens. The Sheriff's failure to act proximately caused the use of force on Miller and he was damaged thereby.

### FOR AN TENTH CAUSE OF ACTION
Muncipal Liability on Pursuant to 1983
Loftis Institution and Use of Vicious

The Plaintiff incorporates by reference all previous allegations of fact and law as if

repeated herein.

26. At all times material hereto, Defendant Sheriff, had a duty to adopt and implement rules and procedures to ensure that his deputies used a reasonable amount and degree of force in the apprehension of suspects. This duty includes, but is not limited to, the duty to create, adopt and implement rules, regulations, practices and procedures which clearly direct deputies as to the appropriate use of canines in apprehending suspects.

27. Defendant Sheriff's failure to adopt and implement adequate policies regarding his deputies' use of force, including, but not limited to the use of canines, resulted in the blatant use of excessive force by the Sheriff's deputies against Mr. Miller as described herein.

28. At all times material hereto, the Sheriff knew, and it was foreseeable, that persons being arrested by his deputies might be fully restrained yet exhibit passive resistance to lawful commands relating to the completion of standard handcuff procedures.

29. At all times material hereto, the Sheriff knew, and it was foreseeable, that a policy for the use of force was necessary in order to avoid repeated use of excessive force by his deputies in such circumstances.

30. At all times material, and in light of the Sheriff's customary and regular use of canines and canine handlers in apprehending persons suspected of committing crimes and as one of the many methods of force regularly used by his deputies, the Sheriff was aware that the failure to establish a custom, policy and practice relating to the use of canines against passive resisters would result in repeated instances of excessive force resulting in serious injury or death.

31. At all times material, Defendant Sheriff was deliberately indifferent to the known probability that instances of excessive force due to use of canines against passive resisters would occur, such as in the case of Mr. Miller, by failing or refusing to establish a use of force policy inclusive of

canine force.

32. Defendant Sheriff delegated the final decision-making authority as to whether to employ a canine against a suspect to the individual deputy canine handler -- in this instance, Defendant Cannon. As such, Defendant Cannon acted as a final policy maker for the Sheriff when he chose to use his canine against Mr. Miller, and the Sheriff is therefore liable for Defendant Cannon's decision to use excessive force.

33. As a direct, proximate and foreseeable result of Defendant Sheriff's policies, customs and practices, Mr. Miller has suffered the injuries described in this complaint, including bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of ability to enjoy life, expenses of medical and nursing care and treatment, loss of earnings, loss of the capacity to earn money in the future, and other losses including the aggravation of pre-existing conditions. These injuries and losses are permanent and continuing, and Mr. Miller will suffer such losses in the future.

34. Defendant Sheriff acted with deliberate indifference in causing the aforesaid constitutional violation by Defendants Cannon, Hawkins, Doe and Snow to occur, as follows:

(a) Defendant Sheriff failed to adequately train and educate his Deputies, including Defendants, Defendants Cannon, Hawkins, Doe and Snow in the use of force and the use of canines as a means of force, thereby creating an atmosphere of illegal and unconstitutional behavior with respect to the use of force, in deliberate indifference and reckless disregard to the health and welfare of persons apprehended by the Sheriff's Deputies, including Miller;

(b) Defendant Sheriff failed to train and educate his Deputies, including Defendants Cannon, Hawkins, Doe and Snow with respect to the use of force applications which he knew that his Deputies were using and which posed a serious risk of personal injury including, but not limited

to, the use of canines against non-violent, non-fleeing suspects as a means to compel compliance with a Deputy's order before other, less harmful methods are exhausted;

(c) Defendant Sheriff failed to adequately monitor and evaluate the performance of his Deputies, including Defendants Cannon, Hawkins, Doe and Snow, including their use of force applications, in deliberate indifference and reckless disregard to persons in custody, including Mr. Miller;

(d) Defendant Sheriff failed to adequately monitor and evaluate the appropriateness of his Deputies' use of canines as a means of deadly force, in deliberate indifference and reckless disregard to persons in custody, including Mr. Miller;

(e) Defendant Sheriff had and has a policy, custom and practice of allowing his Deputies, including Defendants Cannon, Hawkins, Doe and Snow to use deadly, excessive, and/or unreasonable force without fear of discipline, thereby creating an atmosphere where such behavior is accepted, approved and ratified, in reckless disregard and deliberate indifference to the health and welfare of persons in his custody, including Mr. Miller;

(f) Defendant Sheriff ratified and approved of the use of excessive force by canine units, including the use of force against Mr. Miller described in paragraphs 1, adopting these uses of excessive force as acceptable policy and practice.

35. The aforementioned actions committed by Defendants Cannon, Hawkins, Doe and Snow were proximately caused by the de facto policies, customs, and practices of Defendant Sheriff, the failure to establish proper policies, customs and practices, the delegation of policy-making authority to his deputies, his failure to train on the use of canine force, and his ratification of excessive canine force, as alleged in paragraphs herein.

36. The aforementioned policies, customs, practices and omissions of Defendant Sheriff, alleged

herein, were the underlying cause of Mr. Miller's injuries and damages.

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1) Compensatory and punitive damages against the individual defendants on the federal claims;

2) Compensatory damages against the office of the Greenville County Sheriff on the federal municipal liability claim and compensatory damages under the South Carolina Tort Claims Act;

3) Attorneys' fees and the Costs of suit necessarily incurred pursuant to 42 USC 1998;

4) The relief against the canine partners of defendant Cannon as specified in *SC Code Ann.*, § 47-3-760 (C);
and

5) Such further relief as the Court deems just or proper.

February 25, 2011.

_____
WILLIAM H. EHLIES, II
Building A, Suite 201
310 Mills Avenue
Greenville, South Carolina 29605
864-232-3503
J. Christopher Mills
J. Christopher Mills LLC
Post Office Box 5717
Columbia, South Carolina 29250
803-748-9533
803-753-9123
chris@chrismillslaw.com
ATTORNEYS FOR PLAINTIFF